IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN RODRIGUEZ-QUIJANO | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21-4804 |
| | : | |
| GLENN D. WELSH, *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                              **November 4, 2021**

A Pennsylvania incarcerated man disappointed with arguments made by his Pennsylvania public defenders when appealing a state court conviction now pro se sues his defenders for violating his civil rights. He may have claims relating to the effectiveness of his counsel, but he cannot sue public defenders under the civil rights law for damages because they are not state actors. They are instead lawyers duty-bound to oppose the prosecution consistent with the Law and their professional obligations. We grant the man's petition to proceed without paying the filing fee today. But Congress requires we screen his complaint before beginning service of process. We dismiss his complaint following screening as he cannot sue the public defenders for damages under the civil rights laws. He cannot credibly amend to sue the lawyers under the civil rights laws as they are not state actors. We dismiss his case with prejudice as to civil rights claims against the public defenders but nothing in our Order precludes him from timely seeking other relief in a court of competent jurisdiction.

I.  **Alleged *pro se* facts**

Jonathan Rodriguez-Quijano is serving a state court sentence at SCI-Houtzdale.[1] He now *pro se* sues Glenn D. Welsh, Amy S. Litvinov, McBeth Brian, Nocera Stephanie Louise, Brandon Baumann, Kirby S. Gordon, Christian Y. Leinbach, Kevin S. Barnhardt, and Michael S. Rivera for violating his civil rights under section 1983.[2] The nine defendants are public defenders or commissioners of the Berks County public defender's office.[3] Mr. Rodriguez-Quijano claims the defenders provided "inadequate representation" by waiving arguments he intended to raise in an appeal to the Pennsylvania Superior Court.[4] He does not detail the arguments he hoped to raise or the context of the proceeding.[5] Mr. Rodriguez-Quijano alleges the defenders violated his Sixth Amendment and Fourteenth Amendment rights.[6] He seeks monetary damages.[7]

II. **Analysis**

Mr. Rodriguez-Quijano seeks to proceed without paying the filing fees.[8] We must decide whether he can proceed without paying fees at time of filing. We then screen his Complaint to determine whether it fails to state a claim. We grant his petition to proceed without today paying the filing fee but must dismiss his Complaint. We dismiss his claims against the public defenders with prejudice as an amendment to plead civil rights claims against these persons would be futile since they are not state actors.

A.  **Mr. Rodriguez-Quijano may proceed without paying the filing fees today.**

Mr. Rodriquez-Quijano seeks leave to proceed without paying the required filing fees. Following review of his sworn statement including his lack of assets while incarcerated and confirming he is not barred from proceeding *in forma pauperis* under section 1915, we grant him leave to proceed *in forma pauperis*.

Congress directs we dismiss a claim filed without paying fees which we find frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[9] When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B)(ii), we apply the same standard used under Federal Rule of Civil Procedure 12(b)(6).[10] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] A claim which "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[13] We remain mindful we must "liberally construe a *pro se* litigant's pleadings."[14] *Pro se* "litigants still must allege sufficient facts in their complaints to support a claim."[15]

### B. We must dismiss Mr. Rodriguez-Quijano's claim as meritless.

Mr. Rodriguez-Quijano does not state a claim because the public defenders he sues are improper parties in his civil rights claim. To state a civil rights section 1983 claim, Mr. Rodriguez-Quijano must plead "a person acting under color of state law" deprived him of his constitutional rights.[16] But "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."[17] A "defense lawyer characteristically opposes the designated representatives of the State" by serving the "undivided interests of his client."[18] The state carries a "constitutional obligation . . . to respect the professional independence of the public defenders whom it engages."[19]

Mr. Rodriguez-Quijano sues nine defenders for allegedly committing errors during their representation of his appeal by allowing arguments to become waived. Mr. Rodriguez-Quijano does not provide context of the representation, but we may infer the defenders appealed his

criminal conviction because Mr. Rodriguez-Quijano alleges deprivation of his Sixth Amendment right to counsel.[20] The defenders are not state actors in this context because they were "performing a lawyer's traditional function[]": representation.[21] Mr. Rodriguez-Quijano cannot sue them under section 1983.[22] We dismiss his Complaint with prejudice because he cannot assert claims under section 1983 against non-state actors.[23]

### III. Conclusion

A prisoner sues his criminal defense attorneys for allegedly inadequate representation. We allow him to proceed without today paying the filing fees. We must screen his Complaint to determine whether it states a claim. We find it does not state a claim because the criminal defense attorneys are not state actors under section 1983. Any amendment to bring civil rights claims against the public defenders is futile as they are not state actors subject to civil rights liability.

---

[1] ECF Doc. No. 3 at 2.

[2] *Id.* at 3–5.

[3] *Id.*

[4] *Id.* at 6–7.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] ECF Doc. No. 1.

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[11] *Ill. Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 653 F.3d 225, 230 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[12] *Iqbal*, 556 U.S. at 678.

[13] *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[14] *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011).

[15] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

[16] *Gannaway v. Prime Care Med., Inc.*, 150 F. Supp. 3d 511, 534 (E.D. Pa. 2015) (citing 42 U.S.C. § 1983), *aff'd sub nom. Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91 (3d Cir. 2016).

[17] *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

[18] *Id.* at 318–19 (internal quotations omitted).

[19] *Id.* at 321–22.

[20] *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases.").

[21] *Polk Cnty.*, 454 U.S. at 325.

[22] *See, e.g., id.*; *Saunders v. BB&T Bank*, 852 F. App'x 651, 655 (3d Cir. 2021) ("Public defenders do not act under color of state law for purposes of § 1983 when they 'perform[] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" (quoting *Polk Cnty.*, 454 U.S. at 325)); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *Gannaway*, 150 F. Supp. 3d at 534 ("[T]he Defender's Office and its employees are not state actors under § 1983, at least with respect to the representation of criminal defendants."), *aff'd*, 652 F. App'x 91 (3d Cir. 2016).

[23] *See Gannaway*, 150 F. Supp. 3d at 534. Mr. Rodriguez-Quijano's claims are also likely barred by the *Heck* doctrine. Mr. Rodriguez-Quijano cannot seek damages under section 1983 if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence . . . unless [he] can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). We dismiss section 1983 claims brought by criminal defendants against their defense attorneys alleging inadequate representation "[b]ecause success in establishing that [defendant attorneys] rendered constitutionally ineffective assistance of counsel would necessarily render [Plaintiff's] conviction and/or sentence . . . invalid." *Tankersley v. Morris*, No. 08-1653, 2009 WL 499264, at *6 (W.D. Pa. Feb. 26, 2009); *see also Bressi v. Gembic*, No. 17-1405, 2018 WL 3596859, at *7 (M.D. Pa. July 2, 2018), *report and recommendation adopted sub nom. Bressi v. Gemic*, No. 17-1405, 2018 WL 3584694 (M.D. Pa. July 26, 2018), *aff'd sub nom. Bressi v. Gembic*, 752 F. App'x 113 (3d Cir. 2019); *Gannaway*, 150 F. Supp. 3d at 538. Mr. Rodriguez-Quijano does not plead facts regarding the defenders' alleged errors for us to find *Heck* necessarily bars his claims, but we note ineffective assistance of counsel claims may be raised in timely habeas corpus petitions.